**Delois BARNES, Plaintiff,**

v.

**Jo Anne BARNHART, Commissioner of Social Security Defendant.**

**No. 02 Civ. 1210(VM).**

United States District Court, S.D. New York.

Feb. 20, 2004.

Delois Barnes, New York City, Pro se.

Susan D. Baird, United States Attorney, Southern District of New York, New York City, for Defendant.

**DECISION AND ORDER**

MARRERO, District Judge.

**I. BACKGROUND**

*Pro Se* plaintiff Delois Barnes ("Barnes"), claiming that she has been disabled since February 2000 by reason of cardiac impairment, filed this action seeking review of the decision of the Commissioner of Social Security (the "Commissioner" or the "Government") finding that Barnes was not disabled and therefore not

entitled to Supplemental Security Income ("SSI") benefits for disability under the Social Security Act (the "Act"). The Commissioner moved for judgment on the pleadings.

By Order dated July 25, 2003 the Court granted Barnes's request to extend to October 2, 2003 the date by which her response to the Commissioner's motion was due. No timely response was filed. By Order dated January 29, 2004 the Court advised Barnes that if no response to the Commissioner's motion was made within twenty days of the Order (February 18, 2004) the Court would proceed to consider the motion unopposed and rule upon it on the basis of the existing record. Again, no timely response was filed. Accordingly, the Court, having reviewed Barnes's complaint, the administrative record filed by the Commissioner pursuant to 42 U.S.C. § 405(g) as part of the Government's answer, as well as the documents submitted by the Commissioner in connection with the instant motion, grants the Commissioner's motion for judgment on the pleadings.

Barnes was forty-six years old and had a tenth-grade education at the time the Administrative Law Judge ("ALJ") rendered a decision on August 10, 2001 finding her not disabled. She was last employed as a hair stylist and stopped working upon becoming ill. In February of 2000 Barnes underwent surgery at New York Presbyterian Hospital for her cardiac condition. The medical evidence from numerous physical and psychiatric examinations of Barnes during the following eighteen months, as well as from evaluations of Barnes's medical records prepared by several physicians, revealed no abnormalities and reported that Barnes's physical and mental conditions were stable and that her abilities to walk, lift, carry and perform routine activities of daily living were only mildly limited.

The ALJ considered these various medical examinations and evaluations in concluding that Barnes was not disabled within the meaning of the Act. Moreover, at the administrative hearing on her application, Barnes testified that she was still capable of performing the functions of her past employment as a hair stylist and in fact had filed applications in search of a job. The ALJ denied her application for SSI benefits.

## II. DISCUSSION

The Act provides that the "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Consequently, the Commissioner's determination of ineligibility for SSI benefits must be upheld if the Court finds that the record contains substantial evidence supporting the decision, even where there may also be substantial evidence in favor of the claimant. *See DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir.1998); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir.1990); *Rosado v. Barnhart*, 290 F.Supp.2d 431, 436 (S.D.N.Y.2003).

Here, the ALJ reviewed Barnes's application in accordance with the five-step sequential evaluation established by the rules governing the adjudication of disability claims. *See* 20 C.F.R. § 416.920; *DeChirico*, 134 F.3d at 1179–80. The ALJ determined that although Barnes was not working and classified her cardiac condition as a severe impairment, the severity of such impairment was not equal to those listed in Appendix 1 of 20 C.F.R. Part 404,

Subpart P. Moreover, the ALJ concluded that, considering Barnes's age, education and work experience, Barnes had residual functional capacity to perform sedentary work of other jobs in the national economy, even if not her past work as a hair stylist.

■ The Court finds substantial evidence in the record to sustain the ALJ's determination. In support of his findings the ALJ relied upon the various physical and mental examinations Barnes underwent, as well as the medical reviews performed by several physicians confirming that Barnes was not limited in any way sufficient to preclude her from performing relevant sedentary work. The record also contains testimony by Barnes herself indicating that she experienced no difficulties handling routine functions of daily living and felt capable of performing her past work. Accordingly, the Court affirms the Commissioner's decision and grants the Government's motion for judgment on the pleadings.

### III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of defendant Commissioner of Social Security for judgment on the pleadings is granted and that the complaint of plaintiff Delois Barnes is dismissed.

The Clerk of Court is directed to close this case.

**SO ORDERED.**